IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARIN LEE,

Plaintiff,

-vs-

CREDIT ONE BANK,
and GC SERVICES, L.P.

CASE NO.: 6:14CV546-ORL-28KRS

_____/

## COMPLAINT

Plaintiff, CARIN LEE, by and through her undersigned counsel, sues the Defendants, CREDIT ONE BANK and GC SERVICES, L.P., and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 47 U.S.C. §227(b)(3) and/or F.S. §47.011.

4. Venue is proper in this District because the Plaintiff resides in this District (Volusia County) and the Defendant transacts business in Volusia County, Florida.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Leon County, Florida, and resides in this District. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6. Defendant, CREDIT ONE BANK, is a corporation and a citizen of the State of Nevada with its principal place of business at 585 Pilot Road, Las Vegas, Nevada.

7. Defendant, GC SERVICES, L.P., is a corporation and a citizen of the State of Delaware with its principal place of business at 6330 Gulfton, Houston, Texas.

8. The conduct of Defendants which gives rise to the cause of action herein alleged occurred in this District, Volusia County, Florida.

9. Defendants, at all times material, was attempting to collect on a Credit One Bank account with the Account number ending in 4484 in the approximate amount of $663.91 (hereinafter the "subject account").

10. Defendant, CREDIT ONE BANK, knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number at between seven (7) and eight (8) times a day from April, 2013 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

11. Defendant, GC SERVICES, L.P., knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number three (3) to four (4) times a day beginning in February, 2014 with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

12. Upon information and belief, some or all of the calls the Defendant, CREDIT ONE BANK's, made to the Plaintiff's cellular telephone number were made using an "automatic

telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls"); as each time Plaintiff answered one of Defendant's calls ...... and when Plaintiff called CREDIT ONE BANK to speak with a representative about the calls continuing even after she has made a payment the CREDIT ONE BANK representative advised her that the calls are computerized and they automatically call her if she is behind in payments.

13. Each of the autodialer calls the Defendants made to the Plaintiff's cellular telephone number was done so without the "prior expressed consent" of the Plaintiff.

14. In approximately July, 2013, Plaintiff began receiving these autodialer calls from Defendant, CREDIT ONE BANK, on her cellular telephone number, (305) 851-1681, concerning the subject account. Plaintiff explained that she was making payments as best she could but was told the calls would continue until she was current.

15. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (305) 851-1681, and was the called party and recipient of Defendant CREDIT ONE BANK's autodialer calls.

16. The autodialer calls from Defendant, CREDIT ONE BANK, came from the telephone numbers (210) 892-2188 and (732) 867-2871.

17. After receiving numerous autodialer calls to her cellular telephone number from Defendant, CREDIT ONE BANK, dating back to approximately July, 2013, Plaintiff spoke a representative of Defendant in approximately mid-November, 2013, and requested the calls from Defendant stop and to be taken off the Defendant's call list.

18. Despite informing Defendant, CREDIT ONE BANK, to stop calling, the Defendant's autodialer calls to Plaintiff's cellular phone continued.

19. The autodialer calls from Defendant, CREDIT ONE BANK, continued approximately, on average, seven (7) to eight (8) times a day from December, 2013, through to January, 2014. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of autodialer calls made to Plaintiff over the relevant time period.

20. While Plaintiff did not keep detailed records of all the autodialer calls made by Defendant, CREDIT ONE BANK, to Plaintiff's cellular telephone number, estimates approximately 160 calls for the period of December 4, 2013 through January 3, 2014. Attached hereto as **Exhibit "A"** is a list of the dates and times of calls to Plaintiff's cellular telephone from CREDIT ONE BANK.

21. In approximately February, 2014, Plaintiff began receiving these autodialer calls from Defendant, GC SERVICES, L.P., on her cellular telephone number, (305) 851-1681, concerning the subject account.

22. After receiving approximately 57 autodialer calls to her cellular telephone number from Defendant, GC SERVICES, L.P., Plaintiff spoke to a representative of Defendant on approximately February 26, 2014, and requested the calls from Defendant stop and to be taken off the Defendant's call list. While Plaintiff did not keep detailed records of all the autodialer calls made by Defendant, attached hereto as **Exhibit "B"** is a list of the dates and times of calls to Plaintiff's cellular telephone from GC SERVICES, L.P.

23. The Defendant, CREDIT ONE BANK, has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as

they did to the Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

24. Despite actual knowledge of their wrongdoing, the Defendant, CREDIT ONE BANK, continued the campaign of autodialer calls, well-beyond November, 2013, when Plaintiff first advised Defendant to stop calling Plaintiff.

25. Defendant, CREDIT ONE BANK's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, explaining to the Defendant that they are the wrong party, do not owe a debt to Defendant, that they are not financially responsible for the person Defendant is attempting to contact, and advising Defendant to stop calling.

26. Defendant, CREDIT ONE BANK's, corporate policy provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

27. Defendant, CREDIT ONE BANK, knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

28. Defendant, CREDIT ONE BANK, knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to the Plaintiff's cellular telephone.

29. Due to Defendants' constant autodialer calls and demands for payment and/or demands for location information for individuals other than Plaintiff, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA against CREDIT ONE BANK)

30. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-nine (29) above as if fully stated herein.

31. None of Defendant, CREDIT ONE BANK's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

32. Defendant, CREDIT ONE BANK, willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant in November, 2013, when Plaintiff verbally withdrew her consent to for CREDIT ONE BANK to contact her and told then to stop calling her.

33. Defendant, CREDIT ONE BANK, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, CREDIT ONE BANK, for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the "FCCPA" against CREDIT ONE BANK)

34. Plaintiff re-alleges paragraphs one (1) through twenty-nine (29) above as if fully stated herein:

35. At all times relevant to this action Defendant, CREDIT ONE BANK is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

36. Plaintiff is an alleged "debtor" and/or "consumer" pursuant to F.S. §559.55(2).

37. Defendant, CREDIT ONE BANK, has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff, a debtor, with such frequency as can be reasonably be expected to harass the Plaintiff.

38. Defendant, CREDIT ONE BANK, has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff.

39. Defendant, CREDIT ONE BANK's, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual and statutory damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, CREDIT ONE BANK, for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the "FCCPA" against GC SERVICES, L.P.)

40. Plaintiff re-alleges paragraphs one (1) through twenty-nine (29) above as if fully stated herein:

41. At all times relevant to this action Defendant, GC SERVICES, L.P., is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

42. Plaintiff is a debtor pursuant to F.S. §559.55(2).

43. Defendant, GC SERVICES, L.P., has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff, a debtor, with such frequency as can be reasonably be expected to harass the Plaintiff.

44. Defendant, GC SERVICES, L.P., has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff.

45. Defendant, GC SERVICES, L.P.'s, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual and statutory damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, GC SERVICES, L.P., for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Michael J. Vitoria, Esquire
Florida Bar # 0135534
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
mvitoria@forthepeople.com
afloyd@forthepeople.com
kreynolds@forthepeople.com
Attorney for Plaintiff